UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEO MAYE, JR.,

    Plaintiff,

v.                                          Case No:   6:18-cv-679-Orl-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Leo Maye, Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB and an application for SSI on July 10, 2014, alleging disability beginning January 8, 2014. (Tr. 101, 117). Plaintiff's applications were denied initially on December 9, 2014, and upon reconsideration on February 9, 2015. (Tr. 99-100, 133-34). Plaintiff requested a hearing, and, on February 22, 2017, an administrative hearing was held before Administrative Law Judge Rossana L. D'Alessio (the "ALJ"). (Tr. 35-69). On May 9, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 13-28). Plaintiff requested review of the decision and the Appeals Council denied Plaintiff's request on February 28, 2018. (Tr. 1-6). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on May 2, 2018. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 8, 2014, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, chronic lumbar pain secondary to moderate disc bulging with facet hypertrophy from L2-4 creating foraminal stenosis, disc herniation at L4-5, gout, asthma, and hypertension. (Tr. 18). At step three, the ALJ found

that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant has the ability to lift and/or carry twenty pounds occasionally, and ten pounds frequently. In an eight-hour day, he can sit for six hours, and stand and/or walk for six. He can frequently balance, kneel, and crawl. He can occasionally stoop and crouch. The claimant frequently climb stairs and ramps, and occasionally climb ropes, ladders, or scaffolds. The claimant can tolerate occasional exposure to extreme cold, humidity, wetness, vibration, proximity to moving mechanical parts, and work in high and exposed places. He should have no exposure to atmospheric conditions with dust, fumes, odors, and gases.

(Tr. 21). At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a production assembler. (Tr. 26)

Despite finding that Plaintiff could perform past relevant work at step four, the ALJ proceeded to step five and made alternative findings. At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform the work requirements of such jobs as office helper, counter clerk, and ticket taker. (Tr. 27-28). The ALJ concluded that Plaintiff was not under a disability from January 8, 2014, the alleged onset date, through May 9, 2017, the date of the decision. (Tr. 19).

**II.   Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by according great weight to the opinion of Dr. Barber but failing to incorporate portions of the opinion into the RFC; and

(2) whether the ALJ erred by finding mild limitations in four areas of mental functioning but failing to include any mental limitations in the RFC. The Court will address each issue in turn.

### a) Whether the ALJ erred by according great weight to the opinion of Dr. Barber but failing to incorporate portions of the opinion into the RFC.

Plaintiff argues that despite according great weight to the opinion of consultative examiner Alvan Barber, M.D., the ALJ failed to incorporate Dr. Barber's finding that Plaintiff "cannot squat" into the RFC finding. (Doc. 20 p. 12-14). Plaintiff contends that the ALJ's failure to reconcile Dr. Barber's opinion with Plaintiff's RFC is harmful error because the ALJ relied on an incomplete hypothetical question when asking the vocational expert whether Plaintiff could perform his past work or other work. (Doc. 20 p. 13-14). In response, Defendant argues that the ALJ did not err by not explicitly assigning weight to each portion of Dr. Barber's opinion. (Doc. 20 p. 15-16). Defendant argues that the ALJ's opinion contains substantial evidence to support the ALJ's RFC finding. (Doc. 20 p. 16-17).

The record shows that Dr. Barber performed a medical examination with pulmonary function testing on October 20, 2014. (Tr. 570). Plaintiff reported general weakness, shortness of breath, and muscle and joint pains and discomforts occurring chronically. (Tr. 572). Dr. Barber believed Plaintiff was a poor and incomplete historian (Tr. 571). Dr. Barber noted on examination that Plaintiff has lower paravertebral muscle spasms, point tenderness in right greater than left SI joint, bilateral low back pain at 80 degrees, walks with the use of a cane in his right hand. (Tr. 575). However, he had 5/5 strength in both upper and lower extremities. (Tr. 574). Plaintiff was able to get on and off the exam table and lie flat on the exam table. (Tr. 572). Sitting hip flexion was 90 degrees bilaterally. (Tr. 572). Exam of Plaintiff's upper extremities revealed no clubbing, edema, or ulceration. (Tr. 574). Phalen's sign and Tinel's sign were negative. (Tr. 574). He had slight reduction in his range of motion in bilateral hip flexion but was otherwise normal, with knee

pain reported upon motion. (Tr. 572). He had slightly reduced range of motion in lateral flexion of the cervical spine and in extension and forward flexion of the lumbar spine. (Tr. 575). Exam of the back showed it was straight with no bony deformity. (Tr. 575). Seated straight leg raise was normal bilaterally. (Tr. 575). Neurological exam was unremarkable and sensation was intact. (Tr. 575). Respiratory exam noted bilateral wheezes, normal bilateral air exchange, and no cough, rales, rhonci, or shortness of breath. (Tr. 574).

Mental status examination revealed Plaintiff was alert, oriented to time, place and person. (Tr. 575). He had no obvious memory loss. (Tr. 575). His affect appeared flat at the time but there was no evidence of depression. (Tr. 575). His cognitive functioning was adequate. (Tr. 575). His stream of thought was slow and hesitant. (Tr. 575).

Dr. Barber opined Plaintiff can walk and stand for reasonable periods of time, sit without difficulty, can push and pull with upper extremities, and can use upper body movements and coordinated activities with hands. (Tr. 576). Dr. Barber further opined that Plaintiff cannot squat. (Tr. 576). Dr. Barber opined that a cane was unnecessary because Claimant did not have a gait abnormality, walked slowly without a cane, and did not put pressure on the cane when walking (Tr. 576).

In her decision, after thoroughly reviewing Dr. Barber's examination findings, the ALJ explained that "[g]reat weight is given to the findings, observations, and medical opinions of Dr. Barber, as they are consistent with his examination of the claimant and other evidence of record." (Tr. 25).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the

claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds no reversible error by the ALJ's failure to reconcile her decision to accord great weight to Dr. Barber's opinion and her decision not to include Dr. Barber's specific finding that Plaintiff cannot squat in the RFC. In her decision, the ALJ thoroughly reviewed the medical and opinion evidence in formulating the RFC. The ALJ's RFC assessment as a whole largely agrees with Dr. Barber's opinion but is more restrictive. In forming the RFC assessment, the ALJ relied on more than just Dr. Barber's medical opinion, but cited Plaintiff's full range of motion in his hips and knees in March 2014, and the April 2014 treating source opinion wherein Plaintiff's lower extremity strength was 5/5. (Tr. 23, 24, 520, 566). The ALJ also gave great weight to Dr. Sunita Patel's later opinion, dated February 2015, in which Dr. Patel opined that Plaintiff could occasionally crouch "(i.e. bending at the knees)." (Tr. 25, 149, 168). In support of his medical opinion, Dr. Patel cited the 2013 MRI of Plaintiff's spine. (Tr. 168, 497-98), 5/5 motor strength and intact sensation (Tr. 169, 566, 574), negative straight leg raising (Tr. 168, 575), and the fact that Plaintiff's back was straight with no bony deformity (Tr. 169, 575). Therefore, the opinion of Dr. Patel provides additional evidence undermining the opinion of Dr. Barber.

In addition to the March 2014 exam, April 2014 treating physician's opinion and Dr. Patel's opinion, the ALJ cited the mild to moderate findings on the July 2015 MRI (Tr. 23, 612-13) and the effectiveness of Plaintiff's medications on his pain in 2016 and 2017. (Tr. 23, 626,

629, 632, 635, 638, 641, 644, 647, 650, 653, 656, 659, 662, 665). Plaintiff's treatment history and his reported pain control further undermines his allegations of disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); SSR 96-7p; *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984). Substantial evidence supports the ALJ's RFC assessment as it based on numerous types of evidence and multiple references in the record. The cited evidence is substantial evidence" because it constitutes "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158.

In any event, as Defendant notes, even if the ALJ erred by failing to include Dr. Barber's opinion that Plaintiff cannot squat into the RFC, the ALJ's error would be harmless. Though a limitation of no squatting would preclude Plaintiff from being able to perform his past relevant work, as that job requires occasional crouching, the other jobs listed by the VE indicate that crouching is not present in any of the three identified jobs of officer helper, counter clerk, and ticket taker. *See* DOT 239.567-010 (office helper), 249.366-010 (counter clerk) and 344.667-010 (ticket taker). In *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 906 (11th Cir. 2013), the Eleventh Circuit found that the omission of a squatting restriction from the RFC assessment under similar circumstances was harmless error. The Eleventh Circuit explained its reasoning:

> Timmons also claims that the ALJ's failure to account for Dr. Barber's finding that Timmons could not squat is reversible error. Although the IJ noted Dr. Barber's finding that Timmons could not squat in her decision and gave Dr. Barber's opinion great weight, the IJ did not include a squatting limitation in her RFC assessment. The problem for Timmons is that squatting (also referred to as crouching) is not required for any of the jobs the ALJ found Timmons could perform. See Dictionary of Occupational Titles, 529.687–138, 1991 WL 674769 (leaf tier), 559.687–014, 1991 WL 683782 (ampoule sealer), 729.687–010, 1991 WL 679733 (assembler of electrical accessories). Accordingly, the omission of a squatting restriction from the RFC assessment was harmless error.

522 F. App'x at 906; *See also Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012) (finding harmless error where ALJ did not account for claimant's inability to drive because jobs in question did not require driving); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (finding that ALJ's failure to mention doctor's opinion was harmless error where DOT indicated limitations at issue would not affect claimant's ability to perform the jobs identified by VE).

Even assuming the ALJ erred by failing to specifically weigh consultative examiner Dr. Barber's opinion as to Plaintiff's ability to squat, Plaintiff has failed to demonstrate that the error was reversible. Accordingly, the Court does not find it appropriate to remand for the ALJ to re-address Dr. Barber's opinion.

**b) Whether the ALJ erred by finding mild limitations in four areas of mental functioning but failing to include any mental limitations in the RFC.**

Plaintiff argues that the ALJ erred by failing to analyze how Plaintiff's non-severe mental impairments affect his ability to work. (Doc. 20 p. 19). Plaintiff notes that ARNP Feldman diagnosed Plaintiff with depressive disorder, and adjustment disorder with mixed emotions and psychosis, but the ALJ failed to consider Plaintiff's non-severe mental impairments in the RFC. (Doc. 20 p. 20). In response, Defendant argues that Plaintiff has failed to meet his burden of proving that his alleged depressive disorder and adjustment disorder with mixed emotions/psychosis affected his ability to perform mental work activities. (Doc. 20 p. 20-21).

As part of her evaluation of Plaintiff's severe impairments, the ALJ rated Plaintiff's degree of mental limitation in the four broad functional areas of the paragraph B criteria used in evaluating mental disorders. (Tr. 18-20). *See* 20 C.F.R. §§ 404.1520a(b)(2), (c)(3), (e)(4), 416.920a(b)(2), (c)(3), (e)(4); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00C (discussing the four criteria in paragraph B of the mental disorders listings). The ALJ determined Plaintiff had only mild restrictions in understanding, remembering, and applying information; mild difficulties in

interacting with others; mild difficulties in his ability to concentrate, persist, or maintain pace; and mild limitations in his ability to adapt or manage oneself. (Tr. 18-19). *See* 20 C.F.R. §§ 404.1520a(c)(3), (e)(4), 416.920a(c)(3), (e)(4). Given her ratings in the four broad functional areas, the ALJ properly concluded Plaintiff did not have a severe mental impairment. (Tr. 18-20). *See* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (stating that if degree of limitation in first three functional areas is "none" or "mild" and "none" in fourth area, impairment generally will be considered not severe). She cited substantial evidence in support of these findings, in that she considered: 1) Plaintiff's function report; 2) the treatment records from Circles of Care; 3) the medical opinions from Dr. Weber, Psy.D. and Dr. Rowan; 4) Dr. Barber's clinical findings and report; 5) unremarkable mental status examinations after Plaintiff; and 6) the absence of evidence supporting additional limitations. (Tr. 18-19,110-12, 146-48, 327-33, 575).

Further, the ALJ's decision shows that she considered Plaintiff's mental impairments in assessing Plaintiff's RFC. In her decision, the ALJ indicated that she considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. (Tr. 21). She noted Plaintiff alleged that he had problems with concentration, understanding, memory, completing tasks, and following instructions. (Tr. 22). The ALJ rejected Plaintiff's allegations, reasoning that "the alleged severity of the claimant's impairments is not supported by longitudinal medical [sic] of record." (Tr. 22). The ALJ also noted that Dr. Barber provided a diagnostic impression of depression and anxiety disorder (Tr. 24). Dr. Barber's mental status examination revealed Plaintiff had no obvious memory loss, no evidence of depression, and no evidence of cognitive dysfunction. (Tr. 575). The ALJ also considered Plaintiff's activities, such as his ability to live alone, drive, do some household chores, attend church, and shop for household items with assistances. (Tr. 26).

Substantial evidence supports the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to show that his impairments, singly or in combination, were disabling or caused additional limitations on his ability to work. Accordingly, the Court finds no basis to remand.

**III.  Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties